NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1613 |
| Plaintiff - Appellee, | D.C. No. 3:20-cr-03419-TWR-1 |
| v. | |
| KEVIN ANDRE BARNES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted March 6, 2026
Pasadena, California

Before: WARDLAW, DESAI, and DE ALBA, Circuit Judges.

Kevin Andre Barnes appeals the district court's denial of his motion to

suppress text messages recovered from his cellphone. Barnes does not challenge

the initial seizure of his phone or the validity of the first search warrant, which the

government obtained one day after the seizure. Instead, he argues that the

government's failure to complete the forensic search within the 90-day period

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

referenced in the warrant application, and its delay of approximately one year before seeking a second warrant, rendered the continued retention of the phone an unreasonable seizure in violation of the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We assume that the continued retention of Barnes's cellphone implicated the Fourth Amendment, but still the district court did not err in concluding that the government's conduct was reasonable under the totality of the circumstances. The Fourth Amendment protects possessory interests as well as privacy interests, and even a lawful seizure may become unreasonable if its duration is excessive. *See United States v. Place*, 462 U.S. 696, 707 (1983); *see also United States v. Dass*, 849 F.2d 414, 415–16 (9th Cir. 1988). However, whether the duration of a seizure is reasonable requires balancing the nature of the intrusion against the government's interests, taking into account factors such as the government's diligence and whether the defendant sought return of the property. *See Dass*, 849 F.2d at 415–16; *United States v. Sullivan*, 797 F.3d 623, 633–35 (9th Cir. 2015).

Balancing those factors here, we conclude that the retention of Barnes's phone was reasonable. First, the government obtained a search warrant one day after seizing the phone, and Barnes does not dispute that the warrant was supported by probable cause. The seizure therefore did not rest on "less than probable cause," a circumstance that concerned the Court in *Place*. 462 U.S. at 706, 709.

Second, the delay occurred during a period of significant disruptions in court operations and investigative resources in the Southern District of California due to the global COVID-19 pandemic. Third, Barnes agreed to multiple continuances during this period but never moved for the return of his phone. Although the approximately one-year delay in seeking a second warrant weighs in Barnes's favor, *see Dass*, 849 F.2d at 415–16, the totality of the circumstances, including the prompt initial warrant, continuing probable cause, pandemic-related disruptions, and the absence of any request for return of the phone, supports the district court's conclusion that the continued retention did not violate the Fourth Amendment.

**AFFIRMED.**